IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RONNIE LEE FORD,                )
                                )
                Petitioner,     )
                                )
        v.                      )       1:20CV572
                                )
STATE OF NORTH CAROLINA,        )
                                )
                Respondent.     )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 2.) Respondent has filed an answer (Docket Entry 8), a motion to dismiss (Docket Entry 9), and a brief supporting that motion (Docket Entry 10). Petitioner, acting *pro se*, filed a response (Docket Entry 8.) Respondent then filed a motion to seal all unredacted documents in the case. (Docket Entry 11; *see* Docket Entry 18.) This matter is now ready for a ruling.

### Background

On May 27, 2016, a Guilford County jury found Petitioner guilty of (1) first-degree sexual offense (cunnilingus on a child under the age of 13), (2) attempted first-degree sexual offense (attempted fellatio with a child under the age of 13), (3) first-degree kidnapping, and (4) attempted first-degree sexual exploitation of a minor. (Docket Entry 10 at 1.) The court sentenced Petitioner to imprisonment on each count of (1) 338 to 466 months, (2) 250 to 360 months, (3) 120 to 156 months, and (4) 100 to 180 months. (*Id.*) Petitioner will serve these sentences consecutively. (*Id.*)

Petitioner appealed his conviction and sentence to the North Carolina Court of Appeals. On May 15, 2018, the appellate court affirmed both, finding no error at trial. *State v. Ford*, No. COA17-817, 2018 WL 2209133 (N.C. Ct. App. May 15, 2018) (unpublished). Petitioner filed on May 31, 2018, a "Motion for En Banc Review and Petition for Discretionary Review" in both the North Carolina Court of Appeals and the North Carolina Supreme Court. (Docket Entry 10 at 2.) The appellate court denied the motion for *en banc* rehearing on June 21, 2018. Petitioner filed an additional petition for discretionary review (PDR) in the North Carolina Supreme Court on July 9, 2018. (*Id.*) That court issued an order on August 14, 2018, dismissing Petitioner's motion for *en banc* review, denying his May 15 PDR, and denying his July 9 PDR. *State v. Ford*, 371 N.C. 453, 817 S.E.2d 384 (N.C. Aug. 14, 2018) (unpublished). Petitioner filed no petition for a writ of certiorari in the United States Supreme Court.

On October 30, 2018, Petitioner filed a *pro se* motion for appropriate relief (MAR) in the Guilford County Superior Court. (Docket Entry 10 at 2.) That court denied the MAR on February 6, 2019. (*Id.*) Seeking review of that decision, Petitioner filed a petition for a writ of certiorari in the North Carolina Court of Appeals on March 22, 2019. (*Id.* at 2-3.) The appellate court affirmed the superior court on March 27, 2019. (*Id.* at 3.) Petitioner did not file a petition for a writ of certiorari seeking review of that denial in the North Carolina Supreme Court until August 1, 2019. (*Id.*) The supreme court dismissed that petition on September 25, 2019. (*Id.*)

On April 18, 2019, Petitioner filed a *pro se* motion in the Guilford County Superior Court; the court deemed the filing to be a second MAR. (*Id.*) The court summarily denied the second MAR on May 2, 2019. (*Id.*) Petitioner did not properly seek further review. (*Id.*)

Petitioner filed various other motions and petitions with the North Carolina state courts, seeking further review of his conviction and sentence. Among these were a "Notice of Appeal" of his second MAR, filed in the Guilford County Superior Court on May 13, 2019. (Docket Entry 18 at 4.) Petitioner claims to have filed a petition for a writ of certiorari, seeking review of the denial of his second MAR with the North Carolina Supreme Court on June 17, 2019, but the petition itself was not in the envelope sent to the court. (*Id.* at 6.) The court clerk actually received and filed the document on August 1, 2019. (*Id.* at 6-7.)

Petitioner placed the instant Section 2254 petition in the prison mailing system on June 10, 2020. (Docket Entry 2 at 15.) It was filed in this Court on June 22, 2020. (*Id.* at 1.)

## Petitioner's Grounds

Petitioner raises four grounds for relief. They are: (1) the trial court violated his right to due process by erroneously denying his *Ritchie* Motion for the production of mental health and medical records of the victim (*id.* at 5); (2) he was subject to an illegal search and seizure and was coerced to give a statement during interrogation (*id.* at 7); (3) his trial counsel was constitutionally ineffective because he filed a motion-in-limine to exclude exculpatory evidence and because he did not object to an "informal off-the-record charge conference" (*id.* at 8-9); and (4) the indictments in his case were defective (*id.* at 10).

## Discussion

Respondent argues that Petitioner filed the petition beyond the one-year limitations period imposed by 28 U.S.C. § 2244(d)(1) and requests dismissal of the petition. (Docket Entry 10 at 5.) Regarding the one-year statute of limitations that controls habeas-corpus

petitions filed under section 2254, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period begins to run from the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Green v. Johnson*, 515 F.3d 290, 303-04 (4th Cir. 2008). Respondent argues that subparagraph (A) applies to Petitioner's case and that his conviction became final on November 15, 2018, ninety days after the North Carolina Supreme Court denied the PDR in his direct appeal. (Docket Entry 10 at 5.) The Court agrees. The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of Section 2254(d)(1) apply.

Under subparagraph (A), Petitioner's one-year limitations period began on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner completed his direct-appeal process in the state court and did not file a petition for a writ of certiorari to the United States Supreme Court. "If no petition for a writ of certiorari is filed in the United States

4

Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed." *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (citation omitted). Petitioner's conviction, therefore, became final on November 12, 2018, ninety days after August 14, 2018, the date the North Carolina Supreme Court denied his PDR.[1]

Petitioner sought post-conviction review upon the filing of his first MAR on October 30, 2018. "The time during which a properly filed application for State post-conviction or other collateral review with respect the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection. 28 U.S.C. § 2244(d)(2). Petitioner's MAR, therefore, tolled the federal limitations period until the state court had completed its post-conviction review. Under North Carolina law, the North Carolina Court of Appeals is the final court of review of post-conviction MARs in non-capital cases. N.C. Gen Stat. § 7A-28(a) (2019). ("Decisions of the Court of Appeals upon review of motions for appropriate relief listed in G.S. 15A-1415(b) are final and not subject to further review in the Supreme Court by appeal, motion, certification, writ or otherwise."); *see* N.C. R. App. P. 21(e) (2019) (stating that review of MARs in non-capital cases require certiorari petitions to "be filed with the Court of Appeals, and the Supreme Court will not entertain petitions for certiorari or petitions for further discretionary review in these cases"). Because Petitioner's collateral review process started before his conviction became final, his federal limitations period did

---

[1] Respondent has calculated a different date for ninety days after August 14, 2018. The Court will proceed with its own calculation.

not begin until his first MAR had been denied and his petition for certiorari had been denied by the North Carolina Court of Appeals on March 27, 2019.[2]

Twenty-two days of Petitioner's federal limitations period had elapsed, therefore, before Petitioner filed his second MAR in the Guilford County Superior Court on April 18, 2019, once again tolling the limitations period. The court denied this MAR on May 2, 2019, and Petitioner never properly filed a petition for certiorari with the North Carolina Court of Appeals, the only court with jurisdiction to review the denial and thus extend the tolling period. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that a state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [: e.g.,] the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). None of Petitioner's other filings, in which he sought review of the appellate court's denials of his MARs, qualify as proper filings sufficient to toll his federal limitations period.[3]

---

[2] Petitioner's petition for a writ of certiorari filed with the North Carolina Supreme Court on August 1, 2019, does not serve to toll the federal habeas limitations period. *See State v. Ellis*, 361 N.C. 200, 205, 639 S.E.2d 425, 428 (2007) (explaining that "statutory provisions ordinarily preclude our review of Court of Appeals decisions on MARs in noncapital cases"). The supreme court made clear that the petition was not "properly filed" by dismissing, instead of denying, it. *See* N.C.R. App. P. 21(e) (providing that where a petition fails to comply with the rules of procedure, it shall be dismissed, while a petition that is without merit shall be denied).

[3] *See Harb v. Keller*, No. 1:09CV766, 2010 WL 3853199, at *5 (M.D.N.C. Sept. 28, 2010) (Auld, M.J.) (unpublished) ("Although petitions seeking review by the North Carolina Supreme Court constitute a step in the state's direct appeal process, the North Carolina Court of Appeals represents the final step in the state's collateral review process, except in cases involving a death sentence or specified circumstances not present here."); *Johnson v. Beck*, No. 1:08CV336, 2008 WL 3413303, at *3 (M.D.N.C. Aug. 8, 2008) (Dixon, M.J., recommendation) ("The fact that Petitioner filed a certiorari petition in the North Carolina Supreme Court on his state MAR is of no import with regard to the statute of limitations.")

6

Petitioner's limitations period began to run again on May 2, 2019, with three hundred, forty-three days until his time expired. The last possible date that Petitioner could have timely filed his petition was April 9, 2020. Petitioner filed his petition on June 10, 2020, sixty-two days late.

Furthermore, this Court sees no reason to apply equitable tolling to extend Petitioner's limitations period. Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *See Holland v. Florida*, 560 U.S. 631, 648 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner fails to satisfy either of these prongs.

Although Petitioner may have been pursuing his rights, he cannot claim to have been pursuing them diligently, failing to file his applications for state post-conviction review properly. Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling, because they represent ordinary, rather than extraordinary, circumstances for a prisoner. *See id.*; *see also Harris v. Hutchinson*, 209 F.3d 325, 331 (4th Cir. 2000). Indeed, Petitioner knew enough of the rules of North Carolina post-conviction procedure to file his application for review of his first MAR properly. He gives no credible excuse for failing to follow the same procedure for his second MAR and properly tolling his federal limitations period. This Court sees no reason to toll it equitably.

Petitioner's Section 2254 petition is out of time and should be dismissed.

7

## CONCLUSION

Petitioner's grounds are time-barred. Neither a hearing, nor discovery, nor the appointment of counsel are warranted. For good cause, the unredacted exhibits in this case of child sex-abuse should be kept under seal.

**IT IS THEREFORE ORDERED** that Respondent's Motion to Seal (Docket Entry 11) is **GRANTED**. The Clerk is therefore directed to seal Docket Entries 2, 2-1 through 2-5, 10-1, 10-3, 10-5, 10-11, 10-13, 10-15, 10-17 through 10-23, 16, 16-1, and 17.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket Entry 9) be **GRANTED**, that the § 2254 petition (Docket Entry 2) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
Joe L. Webster
United States Magistrate Judge

February 16, 2021
Durham, North Carolina